THOMAS E. FLOSTROY, complainant-respondent,

*v.*

WILLIAM B. CORBY COAL COMPANY, defendants-appellants.

[Submitted July 8th, 1912. Decided November 18th, 1912.]

On appeal from a decree of the court of chancery advised by Vice-Chancellor Stevens, who filed the following opinion:

This is in effect a contest between the complainant, Flostroy, who holds certain stock of the William B. Corby Coal Company by assignment from one Girvan, and a judgment creditor of Girvan, who claims title to the stock by sale under execution.

Four hundred and thirty shares of this stock were transferred by Girvan to Flostroy on March 21st, 1911, but the assignee did not give notice and did not request a transfer on the company's books until July 6th, 1911. In the meanwhile, on May 3d, 1911, Johnson, the execution creditor, who is also president of the coal company obtained a judgment in the district court against Girvan for $520.50, and sold Girvan's interest in the stock, under docketed judgment and execution on May 16th, 1911. On May 17th there was issued to him on the company's books a certificate for four hundred and thirty-one shares, the entire amount that had been held by Girvan.

The weight of the evidence is that Flostroy was a creditor of Girvan, and that on March 21st, 1911, the stock certificate was actually transferred to him, in blank, in satisfaction of his debt.

There is no doubt but that Johnson was also a creditor. Neither parted with anything of value at the time of obtaining title to the stock. Flostroy's transfer was prior in time, but he gave no notice until after Johnson had, under the execution sale, obtained from the company a transfer on its books. The question which, under these circumstances, has the better title, has been directly adjudicated by Vice-Chancellor Pitney in *Board of Edu-*

cation v. *Duparquet, 50 N. J. Eq.* (*5 Dick.*) *234*. He there held that notice was not necessary in order to give priority to the prior assignee over a subsequent attaching creditor, and that as between the former and the latter, the former has the better title. There is a manifest distinction between such a creditor and one who, without notice, parts with value, on the strength of an assignment based on the apparent ownership of the assignor, in cases where he has notified the debtor, and the first assignee has not. *Cogan v. Conover Manufacturing Co., 69 N. J. Eq.* (*3 Robb.*) *314; Jenkinson, Executor, v. New York Finance Co., 79 N. J. Eq.* (*9 Buch.*) *247*.

Mr. Johnson, after acquiring title, took steps to dissolve the corporation. A meeting of the stockholders was called and it was, by more than a two-thirds majority, resolved to dissolve. If Johnson had not voted the stock he obtained on the execution sale the requisite majority would not have been secured. A temporary injunction restrained the filing with the secretary of state of the certificate of consent to dissolve. This injunction must be made permanent, so that Flostroy may have an opportunity of voting on the question of dissolution.

*Messrs. Wolber & Blake,* for the complainant.

*Mr. Edwin A. Rayner,* for the defendants.

PER CURIAM.

The decree appealed from will be affirmed, for the reasons stated in the opinion filed in the court below by Vice-Chancellor Stevens.

*For affirmance*—THE CHANCELLOR, CHIEF-JUSTICE, GARRISON, SWAYZE, TRENCHARD, BERGEN, VOORHEES, MINTURN, KALISCH, BOGERT, VREDENBURGH, CONGDON, WHITE, TREACY—14.